1  HANSON BRIDGETT LLP
   ROBERT A. McFARLANE, SBN 172650
2  rmcfarlane@hansonbridgett.com
   CHRISTOPHER S. WALTERS, SBN 267262
3  cwalters@hansonbridgett.com
   425 Market Street, 26th Floor
4  San Francisco, California 94105
   Telephone:  (415) 777-3200
5  Facsimile:  (415) 541-9366

6  Attorneys for Plaintiff
   ETTORE PRODUCTS CO.

7

8              **UNITED STATES DISTRICT COURT**

9            **NORTHERN DISTRICT OF CALIFORNIA**

10

11  ETTORE PRODUCTS CO.,            CASE NO.

12          Plaintiff,            **COMPLAINT FOR DECLARATORY
                                  RELIEF REGARDING ALLEGED**
13          v.                    **TRADEMARK AND TRADE DRESS
                                  INFRINGEMENT**
14  STARMAX RESOURCE LLC,
                                  **DEMAND FOR JURY TRIAL**
15          Defendant.

16

17          Plaintiff Ettore Products Co., a California corporation ("Plaintiff" or "Ettore"), brings

18  this action against Defendant Starmax Resource LLC, a Delaware limited liability

19  company ("Defendant" or "Starmax"), for declaratory relief regarding Defendant's

20  allegations that Ettore's trade dress or trademarks is or are likely to be confused with

21  and infringe Defendant's trade dress or trademarks.

22                    <u>**JURISDICTION AND VENUE**</u>

23          1.      This action arises under the Declaratory Judgment Act, Title 28 of the

24  United States Code, Sections 2201 and 2202. As set forth in this Complaint, there is an

25  actual, substantial, and continuing justiciable controversy between Plaintiff Ettore

26  Products Co. and Defendant Starmax Resource LLC of sufficient immediacy and reality

27  so as to warrant a declaration of rights by this Court, namely, concerning Defendant's

28  allegations that Ettore's trade dress or trademarks is or are likely to be confused with

11032555.1
                                    -1-

1  and infringe Defendant's federally-registered marks: FANNIE & Design (U.S. Reg. No.

2  1,651,946); "Webster" Design (U.S. Reg. No. 1,796,411); CLEANING WITH

3  CHARACTER (U.S. Reg. No. 1,853,106); "Dustin" Design (U.S. Reg. No. 1,855,791);

4  and HEDDA FEATHERS (U.S. Reg. No. 1,971,304) (individually and collectively, the

5  "Asserted Marks").

6        2.      This Court has subject matter jurisdiction over the claims in this action

7  under Title 28 of the United States Code, Sections 1338(a) (Acts of Congress relating to

8  trademarks) and Title 15 of the United States Code, Sections 1121 *et seq.* (the Lanham

9  Act). This Court also has federal question jurisdiction pursuant to Title 28 of the United

10  States Code, Section 1331, because this action arises under the laws of the United

11  States; and this Court has diversity jurisdiction under Title 28 of the United States Code,

12  Section 1332, because the parties to this action are citizens of different States, with the

13  matter in controversy exceeding the sum or value of $75,000. To the extent that state-

14  law or common-law claims may be introduced by Defendant, the Court has jurisdiction

15  over such claims under Title 28 of the United States Code, Sections 1338(b) (unfair

16  competition joined with a substantial and related claim under trademark law) and Section

17  1367(a) (supplemental jurisdiction).

18        3.      Venue is proper in this district under Title 28 of the United States Code,

19  Sections 1391(b)(1) and (2). Namely, and among other things, a substantial part of the

20  events or omissions giving rise to the claims in this action occurred and continues to

21  occur within this District, and a substantial part of the property that is the subject of this

22  action is situated within this District. Additionally, Plaintiff resides in this District, and as

23  such it is subject to the Court's personal jurisdiction in this District.

24  **INTRADISTRICT ASSIGNMENT**

25        4.      Intradistrict assignment of this intellectual property action (trademark) is

26  proper on a district-wide basis pursuant to Civil Local Rule 3-2(c).

27  **PARTIES**

28        5.      Plaintiff Ettore Products Co. is a corporation organized and existing under

the laws of the State of California, having its principal place of business at 2100 N. Loop Road, Alameda, California 94502.

6.    On information and belief, Defendant Starmax Resource LLC is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 14301 Industrial Ave. North, Maple Heights, Ohio 44137.

## BACKGROUND OF ETTORE PRODUCTS CO.

7.    Plaintiff Ettore Products Co. (including through its predecessors in interest) was founded in 1936 and is currently headquartered in Alameda, California. Ettore is recognized nationwide and abroad as a premier cleaning products company, having made its name in the squeegee business and expanding over time into complementary products and other cleaning products such as poles, water purification systems, soaps, scrapers, and dusters. Ettore's patented T-shaped squeegees set the industry standard for quality, and continue to be recognized as being of the highest quality. Ettore is family-owned to this day.

8.    Among Ettore's many cleaning products are its CLEANING CRITTERS line of products, primarily squeegees with fanciful "critter" designs such as ducks, dolphins, and fish. Ettore has been using its CLEANING CRITTERS mark in commerce for over a decade in connection with cleaning products, and the public has come to recognize the CLEANING CRITTERS brand as being associated with Ettore and the high-quality cleaning products it sells.

9.    Ettore owns numerous federal trademark registrations for cleaning products and related goods, including without limitation CLEANING CRITTERS (U.S. Reg. No. 2,958,201); and ETTORE (U.S. Reg. Nos. 1,058,141; 1,514,632; and 1,533,866). Filings have been made and accepted under Section 15 of the Lanham Act for these U.S. federal registrations that issued more than 5 years ago. Accordingly, under federal law, those trademark registrations are conclusive evidence that Ettore is the owner of the exclusive rights to those marks throughout the U.S.

10.    Ettore recently announced an expansion of its CLEANING CRITTERS line

COMPLAINT FOR DECLARATORY RELIEF RE TRADEMARK AND TRADE DRESS INFRINGEMENT

11032555.1

of products that will bring an entire family of new dusters onto the market. Ettore created packaging concepts and designs for these new dusters that individually and collectively feature highly fanciful, whimsical depictions of monster-like creatures unlike other product packaging on the market. Ettore's CLEANING CRITTERS mark is displayed on the packaging for each of these new dusters. The following image depicts Ettore's new product line (the "Disputed Products") and the trademarks and trade dress used on the Disputed Products (the "Disputed Marks"):



11.   Ettore's Disputed Marks uniformly feature monster-like creatures with open and rainbow-colored mouths, irregular teeth, lidded eyes, circles of varying sizes close to the eyes with the look of water bubbles, limbs such as arms and/or legs, and the CLEANING CRITTERS mark. The creatures comprising the Disputed Marks also feature varying numbers of eyes, ranging from one to four. Each of the Disputed Products bears a unique name that refers in some manner to the type of duster it is. For instance, ELECTRA attracts dust using electrostatic action; ROLLEEN is a lint roller; FEATHERHEAD is made of genuine ostrich feathers; PHANNA is designed to clean ceiling fans; and COBBERT is primarily a cobweb duster.

12.     Ettore has invested substantial resources in creating, producing, and rolling out the Disputed Products, which are available for purchase throughout this District.

### GENERAL ALLEGATIONS

13.     On or about March 2, 2015, Defendant Starmax Resource LLC, through its outside counsel, sent a letter addressed to Ettore in Alameda, California. Starmax stated the subject matter of the letter as, "Infringement of Trademarks and Trade Dress." In the letter Starmax told Ettore, "Starmax considers both individual products in Ettore's 'Cleaning Critters' line and the line as a whole to be confusingly similar to Starmax's distinctive CLEANING WITH CHARACTER product line."  Starmax further asserted, "Ettore's use of trademarks and trade dress confusingly similar to those owned by Starmax constitutes trademark infringement and unfair competition in violation of 15 USC §§ 1114 and 1125(a) and state unfair competition laws. Pursuant to 15 USC §§ 1116-1118, Starmax is entitled to an injunction to halt the infringement, impoundment and destruction of infringing articles and money damages." Starmax's letter specifically cited the Asserted Marks.

14.     On information and belief, Starmax's uses of its Asserted Marks on its "Cleaning With Character" products are shown below:

  

15.     Since the date of Starmax's initial cease and desist letter, Starmax and Ettore have had additional communications through their respective outside counsel. In those communications, Ettore made clear to Starmax how Ettore was using the Disputed Marks on products in the marketplace; yet Starmax has continued to demand that Ettore

1  cease and desist offering for sale the Disputed Products or any CLEANING CRITTERS

2  products.

3       16.    In one such communication on March 26, 2015, Starmax claimed to have

4  exclusive rights to sell any cleaning product bearing a "mark [that] consists of the

5  configuration of the product package and product partially enclosed by the package

6  which, together define a character having prominent eyes, and in which a portion of the

7  character is formed by the product itself." This sweeping conclusion and unduly broad

8  assertion of rights by Starmax asserts trade dress rights that include portions of its

9  product designs. To the extent Starmax claims trade dress rights in product design, it is

10  required to show that its trade dress has acquired secondary meaning, which on

11  information and belief, Starmax cannot demonstrate.

12       17.    Defendant's assertions and statements in its communications directly to

13  Ettore give Ettore a real and reasonable apprehension that Defendant will file suit

14  against it.

15       18.    Neither the Asserted Marks nor Defendant's products sold under its

16  CLEANING WITH CHARACTER mark have any of the following features: open or

17  rainbow-colored mouths, irregular teeth, lidded eyes, circles of varying sizes close to the

18  eyes with the look of water bubbles, limbs such as arms and/or legs, or the CLEANING

19  CRITTERS mark. Nor do Defendant's various products sold under its CLEANING WITH

20  CHARACTER mark have different numbers of eyes. Moreover, Defendant's line of

21  asserted products do not have a consistent overall look such that they are entitled to

22  trade dress protection as a whole, unitary line.

23       19.    On information and belief, significant numbers of third parties also sell

24  cleaning products and other consumer goods with product packaging using animated,

25  drawn, or fanciful characters, including without limitation where those characters are

26  combined with features of the underlying product to create a broader packaging concept.

27  These include many third party products where the underlying product forms the "hair" of

28  a character. On information and belief, the prevalence of such third-party uses in the

1  marketplace has made consumers accustomed to distinguishing among different

2  products whose marks and trade dress include drawn characters, including in

3  combination with an underlying product design.

4       20.    On information and belief, Defendant's asserted trade dress is not

5  inherently distinctive, and has not acquired secondary meaning.

6       21.    Ettore disputes Defendant's assertions and denies that the parties'

7  respective trade dress and/or trademarks are confusingly similar. As demonstrated by

8  the above alleged facts, the individual elements and combination of elements which

9  comprise the total "look" and overall impression of the parties' respective trade dress

10  and trademarks are distinctive and readily distinguishable to consumers. There is no

11  likelihood that consumers, upon encountering the Disputed Products in the marketplace,

12  would believe that they are put out by, sponsored by, or affiliated with Defendant.

13       22.    On information and belief, Defendant has ongoing and substantial sales of

14  products under its allegedly-infringed Asserted Marks (and other goods) within this

15  judicial District, as well as throughout California. Among other things, Defendant's

16  products bearing the Asserted Marks have been available for sale at retail stores within

17  this judicial District and throughout California; Defendant's products bearing the Asserted

18  Marks are currently offered for sale over the Internet to residents of this judicial District

19  and California more generally; and this judicial District was the primary distribution point

20  for Defendant's products bearing the Asserted Marks for many years.

21  **FIRST CLAIM FOR RELIEF**
Declaratory Judgment re:

22  Alleged Likelihood of Confusion and Trademark Infringement

23  28 U.S.C. § 2201

24       23.    Plaintiff Ettore Products Co. restates and re-avers the allegations of

25  Paragraphs 1 through 22, inclusive, as if set forth here in full as part of this claim for

26  relief.

27       24.    As described above, there exists an actual, substantial, and continuing

28  justiciable controversy between Plaintiff Ettore Products Co. and Defendant Starmax

Resource LLC of sufficient immediacy and reality to warrant declaratory judgment, namely regarding whether Ettore's sale of the Disputed Products bearing the Disputed Marks is likely to confuse consumers with or otherwise infringe any trademark rights that Defendant may have pursuant to 15 U.S.C. § 1114, 15 U.S.C. § 1125, or any common law of unfair competition. Based on the differences between Ettore's trademarks at issue relative to Starmax's Asserted Marks, how Ettore presents its marks in connection with the offering for sale or sale of product, the nature of the goods at issue and where and how they are respectively sold, and the consumer awareness of the respective brands, Ettore contends that there is no likelihood of confusion or infringement. Ettore and Starmax accordingly have adverse interests in this matter.

25.     Starmax's assertion that Ettore must stop selling the Disputed Products or using the Disputed Marks in connection with the products at issue places Ettore in reasonable apprehension of being sued for infringement.

26.     Ettore desires and requests a judicial determination and declaration that its aforementioned sale of the Disputed Products does not infringe Starmax's rights. This determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties and conduct their businesses.

### SECOND CLAIM FOR RELIEF
Declaratory Judgment re:
Alleged Likelihood of Confusion and Trade Dress Infringement
28 U.S.C. § 2201

27.     Plaintiff Ettore Products Co. restates and re-avers the allegations of Paragraphs 1 through 26, inclusive, as if set forth here in full as part of this claim for relief.

28.     As described above, there exists an actual, substantial, and continuing justiciable controversy between Plaintiff Ettore Products Co. and Defendant Starmax Resource LLC of sufficient immediacy and reality to warrant declaratory judgment, namely regarding whether: (1) Defendant's asserted trade dress has inherent or acquired distinctiveness; (2) Ettore's sale of the Disputed Products bearing the Disputed

Marks is likely to confuse consumers with or otherwise infringe any trade dress rights that Defendant may have pursuant to 15 U.S.C. § 1114, 15 U.S.C. § 1125, or any common law of unfair competition; and (3) Defendant's line of asserted products has a consistent overall look such that they are entitled to trade dress protection as a whole, unitary line. Based on the differences between Ettore's trade dress at issue relative to Starmax's trade dress, how Ettore presents its marks in connection with the offering for sale or sale of product, the nature of the goods at issue and where and how they are respectively sold, and the consumer awareness of the respective brands, Ettore contends that there is no likelihood of confusion or infringement. Ettore and Starmax accordingly have adverse interests in this matter.

29. Starmax's assertion that Ettore must stop selling the Disputed Products or using the Disputed Marks in connection with the products at issue places Ettore in reasonable apprehension of being sued for infringement.

30. Ettore desires and requests a judicial determination and declaration that its aforementioned sale of the Disputed Products does not infringe Starmax's purported trade dress rights. This determination and declaration is necessary and appropriate at this time so that the parties may ascertain their respective rights and duties and conduct their businesses.

**PRAYER FOR RELIEF**

Plaintiff Ettore prays against Defendant Starmax, Inc. as follows:

1. For a judgment declaring that Ettore's sale of the Disputed Products and use of the Disputed Marks marks in connection with the cleaning products at issue does not infringe any trademark and/or trade dress right of Starmax;

2. For its costs; and

3. For such other and further relief as the Court may deem just and proper.

1  DATED: April 1, 2015                    HANSON BRIDGETT LLP

2

3                                    By:_____/s/ Christopher S. Walters_____
                                          ROBERT A. McFARLANE
4                                         CHRISTOPHER S. WALTERS
                                          Attorneys for Plaintiff
5                                         ETTORE PRODUCTS CO.

6

7                    **DEMAND FOR JURY TRIAL**

8          Plaintiff Ettore Products Co. hereby demands a trial by jury in this action as to all

9  issues and claims for relief so triable.

10

11  DATED: April 1, 2015                   HANSON BRIDGETT LLP

12

13                                   By:_____/s/ Christopher S. Walters_____
                                          ROBERT A. McFARLANE
14                                        CHRISTOPHER S. WALTERS
                                          Attorneys for Plaintiff
15                                        ETTORE PRODUCTS CO.

16

17

18

19

20

21

22

23

24

25

26

27

28

11032555.1

COMPLAINT FOR DECLARATORY RELIEF RE TRADEMARK AND TRADE DRESS INFRINGEMENT